1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVON LEO TRACY,

Plaintiff,

v.

JACK HASKINS, LEWIS COUNTY
SHERIFF'S OFFICE, and LEWIS
COUNTY,

Defendants.

CASE NO. 14-cv-5893-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: August 14, 2015

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local

Magistrate Judge Rules MJR1, MJR3 and MJR4.

Before the Court is defendants' Motion for Summary Judgment (*see* Dkt. 23). Plaintiff

has not filed a response, even though defendants sent him a *Rand* notice, advising him that

failure to respond could result in dismissal of his case.

Therefore, defendants' motion should be granted because plaintiff has failed to meet his

burden of proof.  Also, for the reasons discussed below, the Court concludes that even viewing

the facts and evidence in favor of plaintiff, he cannot demonstrate any violation of his civil

rights. Plaintiff has not shown that there is a dispute regarding the material facts that during the

1   time period in question, he was not isolated from human contact other than Jail staff, his legal

2   correspondence was not read by Jail staff, and he regularly was allowed outside. Therefore,

3   Defendant's Motion for Summary Judgment should be granted in full.

**FACTS**

5       In his complaint, plaintiff claims that after August 22, 2014, he was forced to remain in

6   isolation for 67 days until October 28, 2014, with no human contact other than Jail staff, and

7   only was allowed out of his cell once a week, without phone or visitation privileges (*see*

8   Complaint, Dkt. 6, p. 3). Plaintiff additionally claims that his calls with his attorney were being

9   monitored by Jail staff (*id.*). He alleges that all of his mail was screened (*id.*). He contends that

10  he has suffered cruel and unusual punishment (*id.*).

11      In their motion for summary judgment, defendants provide a much more detailed

12  discussion of the events that is supported by a declaration and is supported by the record (*see*

13  Dkts. 24-28). In support of their motion for summary judgment, defendants submit the

14  declaration of Jack Haskins, a Lewis County Corrections Officer who has served as the Lewis

15  County Jail's Classification Officer for the period of time relevant for this matter (*see*

16  Declaration of Officer Jack Haskins in Support of Motion for Summary Judgment, Dkt. 24, p. 1;

17  *see also* Dkts. 25-28, 30).

18      Plaintiff was incarcerated in Lewis County Jail on December 19, 2012 after being

19  charged with several hundred counts of telephonic harassment and violation of a protective order

20  that had been issued by the Lewis County Superior Court on August 10, 2012 (*see* Declaration of

21  Jack Haskins, Dkt. 24, p. 1). After allegations that plaintiff had been violating the protective

22  order on an almost daily basis, plaintiff was convicted in August, 2013 of violation of the

23  protective order and was sentenced to serve two years in Lewis County Jail, to be served

24

REPORT AND RECOMMENDATION - 2

1  consecutively with other sentences that he was serving on unrelated matters (*id.* at p. 2; *see also*

2  Exhibit C, Dkt. 25, pp. 1-3).

3      While incarcerated, plaintiff attempted to send a postcard to an individual whom he

4  believed was refusing to pay him money that was owed to him (Dkt. 24, at p. 3). In this postcard,

5  plaintiff referred to a dog that the intended recipient wanted to buy, indicating that he would

6  "break it's neck, skin it and cook it" (*id.*; *see also* Exhibit D, Dkt. 26, p. 1). As a result of this

7  incident, plaintiff was placed in Administrative Segregation on June 20, 2014 (Dkt. 24, p. 3; *see*

8  *also* Exhibit E, Dkt. 26, p. 2). On this same day, plaintiff intentionally disabled the cuffport of

9  his cell, resulting in his placement in Administrative Segregation 1/24, meaning that he was

10 allowed out of his cell for one hour out of each 24 hours for exercise and to shower (Dkt. 24, p.

11 4; *see also* Exhibits F-G, Dkt. 26, pp. 3-5).

12      After plaintiff again broke his repaired cuffport and intentionally disabled the intercom,

13 the Jail Classification Committee assigned plaintiff to the highest of three levels of discipline,

14 Administrative Segregation 1/72, meaning that he was allowed out of his cell for one hour out of

15 every 72 hours (Dkt. 24, pp. 4-5; *see also* Exhibit H, Dkt. 26, pp. 6-8; Exhibits I and J, Dkt. 27,

16 pp. 1-2). On review, on July 23, 2014, the Jail's Classification Committee changed plaintiff's

17 status to Administrative Segregation 1/48, meaning that he was allowed to leave his cell once

18 every 48 hours (Dkt. 24, p. 5; Exhibit K, Dkt. 27, pp. 3-5).

19      On August 22, 2014, the starting date of the period of time addressed in plaintiff's

20 complaint, plaintiff was returned to the general Jail population with suspended phone and

21 visitation privileges (Dkt. 24, p. 6; Exhibit L, Dkt. 27, pp. 6-9). His mail was screened to insure

22 that he was not sending messages to his previous victim or to protected parties (Exhibit L, Dkt.

23 27, pp. 7, 9). When removed from Administrative Segregation and returned to the general

24

REPORT AND RECOMMENDATION - 3

1  population, he was placed in his own room in housing unit 6A, which also housed four other

2  prisoners, and was allowed out of his room once each day (Dkt. 24, p. 6). Plaintiff remained in

3  housing unit 6A until his release from Lewis County Jail on December 26, 2014 (*id.* at p. 7).

4        Approximately the day after the period of time discussed in plaintiff's complaint, on or

5  about October 29, 2014, plaintiff was provided with the opportunity to move into less restrictive

6  housing, however plaintiff requested to remain in housing unit A6 so that he "could help the

7  other inmate in A6 with his legal work" (Exhibit P, Dkt. 28, p. 4; Exhibit R, Dkt. 28, p. 7). On

8  November 5, 2014, plaintiff again requested to remain in housing unit A6, indicating that he felt

9  that he was suffering from too much anxiety to move to the less restrictive housing unit (Exhibit

10  S, Dkt. 28, p. 8). On November 12, 2014, plaintiff still was requesting to remain in housing unit

11  A6 (Exhibit I, Dkt. 28, p. 9).

12        Plaintiff fails to refute the facts provided by defendants as he did not file a response to

13  defendant's motion for summary judgment and did not file any declarations or exhibits refuting

14  defendants' presentation of the relevant events.

15                    **STANDARD OF REVIEW**

16        Summary judgment is appropriate if "the pleadings, the discovery and disclosure

17  materials on file, and any affidavits, show that there is no genuine dispute as to any material fact

18  and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is a

19  genuine issue of fact for trial if the record, taken as a whole, could lead a rational trier of fact to

20  find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see*

21  *also T. W. Elec. Service Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.

22  1987). When presented with a motion for summary judgment, the court shall review the

23  pleadings and evidence in the light most favorable to the nonmoving party. *Anderson*, 477 U.S.

24

REPORT AND RECOMMENDATION - 4

1  at 255 (*citing Adickes v. S.H. Dress & Co.*, 398 U.S. 144, 158-59 (1970)). Conclusory,

2  nonspecific statements in affidavits are not sufficient; and, the court will not presume "missing

3  facts." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990). However, "a pro se

4  complaint will be liberally construed  . . . ." *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir.

5  1992) (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (other citation omitted).

6       In order to recover pursuant to 42 U.S.C. § 1983, a plaintiff must prove that: (l) the

7  conduct complained of was committed by a person acting under color of state law and that (2)

8  the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or

9  laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other*

10  *grounds, Daniels v. Williams*, 474 U.S. 327 (1986).

11                              **DISCUSSION**

12       As an initial matter, the Court notes that defendants sent plaintiff a *Rand* Notice on May

13  28, 2015 (*see* Rand Notice, Dkt. 29). Defendants sent this notice by First Class Mail to plaintiff

14  (*see id.*). This Rand Notice sent by defendants informed plaintiff that defendants had filed a

15  motion for summary judgment by which they sought to have his case dismissed; that if the

16  motion was granted it would end plaintiff's case; that if there is no genuine issue of material fact

17  summary judgment must be granted, which would end plaintiff's case; that plaintiff could not

18  rely on what is in his complaint, but that instead plaintiff needed to "set out specific facts in

19  declarations, depositions, answers to interrogatories, or authenticated documents, as provided in

20  Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and

21  show that there is a genuine issue of material fact for trial;" that if plaintiff failed to submit his

22  own evidence in opposition, summary judgment may be entered against him; and, if summary

23  judgment is granted, that plaintiff's "case will be dismissed and there will be no trial" (*see id.*,

24

REPORT AND RECOMMENDATION - 5

1    pp. 1-2). Despite this notice, plaintiff failed to respond to defendants' motion for summary

2    judgment in any way. Although the Court still must determine whether or not summary judgment

3    is appropriate, this failure by plaintiff to respond to defendants' motion for summary judgment

4    provides the Court with no reason to deny defendants' motion. For the reasons discussed below,

5    the Court concludes that summary judgment is appropriate with respect to plaintiff's complaint.

6         **The Eighth Amendment**

7         According to the Supreme Court, "it is now settled that 'the treatment a prisoner receives

8    in prison and the conditions under which he is confined are subject to scrutiny under the Eighth

9    Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (*quoting Helling v. McKinney*, 509

10   U.S. U.S. 25, 31 (1993)). The Eighth Amendment imposes positive duties on prison officials,

11   who must provide humane conditions of confinement. *Id.* (citations omitted). A prison official

12   violates this aspect of the Eighth Amendment if the alleged deprivations are objectively

13   "'sufficiently serious.'" *Id.* at 834 (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)) (other

14   citations omitted). Regarding this first requirement, "a prison official's act or omission must

15   result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (*quoting Rhodes*

16   *v. Chapman*, 452 U.S. 337, 347 (1981)).

17        Despite plaintiff's allegation in his complaint that after August 22, 2014 he was forced to

18   remain in isolation for 67 days until October 28, 2014 with no human contact other than jail

19   staff, the Declaration and attached Exhibits demonstrate that plaintiff was allowed out of his cell

20   once each day, throughout the period of time in question, as noted previously, *see supra*, **FACTS**

21   (*see* Complaint, Dkt. 6, p. 3; Dkt. 24, p. 6). According to defendant Haskins' declaration, during

22   the time in question, plaintiff was housed in housing unit A6 with four other inmates (Dkt. 24, p.

23   6). During the hour when plaintiff daily was allowed out of his cell, he had the opportunity to

24

1    speak with any of the other inmates housed in the same housing unit (*see id.*, p. 11). Plaintiff has

2    filed nothing in response to defendants' motion for summary judgment and did not dispute

3    defendant Haskins' declaration. Plaintiff has not disputed that during the time in question, he had

4    the opportunity for human contact other than Jail staff. This aspect of defendant Haskins'

5    declaration also contradicts plaintiff's unsupported allegation that he only was allowed out of his

6    cell once a week.

7         Plaintiff also complains that he was denied all visitation privileges (*see* Complaint, Dkt.

8    6, p. 3). However, defendant Haskins declares that "this is not factually correct" (Dkt. 24, p. 10).

9    According to defendant Haskins' declaration, during "the 67-day period of which Plaintiff

10   complains, he had the same right as any other inmate in general population to visit with any non-

11   incarcerated friends or members of his family who might have wished to visit with him" (*id.*). He

12   declares that Lewis County Jail uses the HomeWAV video visitation system and that if a friend

13   or relative of plaintiff had "wished to communicate with Plaintiff between August 22 and

14   October 28 of 2014, he or she could have done so using a home computer, without any need to

15   travel to the Lewis County Jail" (*id.*). Defendant Haskins further declares that pursuant to Jail

16   policy, any inmate's indigent relative can obtain a free HomeWAF visit with the inmate, and that

17   all such requests are logged (*id.*). Defendant Haskins declares that he "searched the relevant

18   record and [found] that no one registered to visit with Plaintiff during the 67-day period

19   addressed in his Complaint" (*id.*).

20        Although plaintiff complains that all of his mail was screened, the record reflects that his

21   outgoing mail was reviewed only to the extent necessary to assure that he was not once again

22   violating a protective order and that the entire process delayed his mail by no more than an hour

23   or so (*see* Dkt. 24, p. 8; Exhibit M, Dkt. 28, p. 1). Regarding plaintiff's allegation with respect to

24

1   legal correspondence, defendant Haskins indicates in his declaration that the "established and

2   invariable policy of the Lewis County Jail dictates that any letter designated by an inmate as

3   legal mail is not opened and that it is not ready by Jail staff" (Dkt. 24, p. 9). Defendant Haskins

4   further declares that he is "intimately involved in the process, and [] can verify from first-hand

5   knowledge that it was followed with respect to Plaintiff's mail at all pertinent points in time

6   while he was confined in the Lewis County Jail" (*id.*; *see also* Exhibit N, Dkt. 28, p. 2).

7   Defendant Haskins also declares that absolutely " no telephone conversations between any Lewis

8   County Jail inmate and his attorney are monitored in any way, [as w]henever an inmate wishes to

9   speak by telephone with his attorney, the inmate is placed on his own in a holding cell [and n]o

10  other person is in that holding cell" (*id.*). He further declares that no one listens in on the phone

11  line (*id.*).

12        Giving plaintiff every benefit of the doubt, and construing his pleadings as liberally as

13  possible, plaintiff still has not demonstrated that there is any dispute as to any material fact and

14  has not demonstrated any reason why defendants' motion for summary judgment should not be

15  granted (*see* Complaint, Dkt. 23).

16                                    **CONCLUSION**

17        Therefore, for the stated reasons, Defendants' Motion for Summary Judgment on

18  plaintiff's Eighth Amendment claim should be granted in full.

19        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

20  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

21  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

22  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

23

24

REPORT AND RECOMMENDATION - 8

1   imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

2   August 14, 2015, as noted in the caption.

3          Dated this 22nd day of July, 2015.

4

5                                           J. Richard Creatura
                                            United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24